**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MEGAN WINIFRED ROACH,**

               **Plaintiff,**　　　　　　　5:12-cv-992
　　　　　　　　　　　　　　　　　　　　　　　　(GLS/ATB)
               v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social
Security,

               **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Olinsky Law Group | KAREN S. SOUTHWICK, ESQ. |
| 300 S. State Street | |
| 5th Floor, Suite 520 | |
| Syracuse, NY 13202 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | PETER W. JEWETT |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| STEVEN P. CONTE | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Megan Winifred Roach challenges defendant Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (Compl., Dkt. No. 1.) In a Report and Recommendation (R&R) filed May 20, 2013, Magistrate Judge Andrew T. Baxter recommended that the Commissioner's decision be affirmed and Roach's complaint be dismissed.[1] (R&R, Dkt. No. 14.) Pending are Roach's objections to the R&R. (Dkt. No. 15.) For the reasons that follow, the court adopts the R&R in its entirety.

### II. Background[2]

On November 3, 2009, Roach filed applications for DIB and SSI under the Social Security Act. (R&R at 1.) After her applications were denied, Roach requested a hearing before an Administrative Law Judge

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed. (Dkt. No. 14.)

[2] The court incorporates the factual recitations of the parties and Judge Baxter. (Dkt. Nos. 12, 13, 14; *see also* Admin. Tr., Dkt. No. 9.)

(ALJ), which was held on December 8, 2010. (*Id.*) On February 3, 2011, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*Id.* at 2.)

Roach commenced the present action by filing her complaint on June 19, 2012 seeking judicial review of the Commissioner's determination. (Compl.) After receiving the parties' briefs, Judge Baxter issued an R&R recommending that the Commissioner's decision be affirmed. (*See generally* R&R.)

### III. Standard of Review

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18. Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3,

*5 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

### IV. Discussion

Roach purports to object to the R&R on three grounds. First, she asserts that Judge Baxter improperly found that there was no gap in the medical evidence such that a source statement from treating physician Gene Bailey was necessary for the ALJ to make a disability determination. (Dkt. No. 15 at 1-2.) Second, she objects to Judge Baxter's recommendation that the residual functional capacity determination was properly supported in the record. (*Id.* at 2-3.) Finally, she objects to Judge Baxter's conclusion that the ALJ did not err in relying on the Medical-Vocational Guidelines to determine that there is other work which Roach could perform. (*Id.* at 3-4.) The substance of all three arguments, however, was previously raised in Roach's brief and considered and rejected by Judge Baxter. (Dkt. No. 12 at 10-12, 16-19, 23-24; R&R at 9-11, 16-32.) Roach's "objections," therefore, are general and do not warrant

*de novo* review. *See Almonte*, 2006 WL 149049 at *4. The court, having carefully reviewed the record, finds no clear error in the R&R and accepts and adopts it in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Andrew T. Baxter's May 20, 2013 Report and Recommendation (Dkt. No. 14) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Roach's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 30, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court